JOEL PARKER, receiver &c.,

v.

MARY E. JENKS et al.

Although a deed for lands contains the grantee's personal assumption to pay a mortgage thereon, he cannot be held liable for a decree for deficiency after foreclosure of the mortgage, if it appears that such assumption was not part of his bargain for the purchase of the premises, and that he had no notice of its insertion in his deed.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. F. W. Stevens,* for complainant.

*Mr. G. T. Parrott,* for defendant Day.

THE CHANCELLOR.

This suit is brought to foreclose a mortgage for $1,200, given by James M. Woodruff and wife to the New Jersey Mutual Life Insurance Company, upon land in Newark, which mortgage is now held by the receiver of that company. The question submitted is whether the defendant Daniel W. Day, who is now the owner of the mortgaged premises, is liable for deficiency. The property was conveyed to him with a tract of land at Summit, in Union county, by Woodruff in 1875. In the deed the latter is declared to be subject to three mortgages, one for $1,200 to Jonathan Edgar, one for $2,000 to John Hatfield, and one for $12,000 to the First National Bank of Morristown, and the former to the mortgage in suit. By the deed the grantor expressly assumed the payment of all the mortgages. By his answer he alleges that he never agreed to assume the complainant's mortgage, and that the assumption in the deed is, so far as that mortgage is concerned, erroneous and contrary to the agreement between him and Woodruff, his grantor. It appears by the testimony of Day, that he did not in the bargain for the

premises assume to pay any mortgage except that of the bank, and that the consideration of the conveyance was his agreement to pay that mortgage, and to release Woodruff from his indebtedness to him. The bank's mortgage and that indebtedness amounted together to about $17,000, the amount mentioned in the deed as the consideration. He swears that he did not agree to assume the complainant's mortgage, nor any other mortgage on the property except the bank mortgage; that the deed was drawn for Woodruff by Woodruff's attorney, and was recorded before it came to his, Day's, hands; that he did not read the deed before it was recorded, and he says, substantially, that he never read it or knew that it contained an assumption on his part to pay the complainant's mortgage, until after the commencement of this suit. He is corroborated by Woodruff, who testifies that it was no part of the bargain or agreement that Day should assume the payment of the complainant's mortgage. On this evidence the covenant of assumption would be rectified in a suit for that purpose, and it would be inequitable to enforce it against him in favor of the complainant. A decree for deficiency will be denied.